IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

HENRY ERIC JOHNSON,

        Petitioner

VS.

ALEXIS CHASE, WARDEN, *et al.*,

        Respondents

NO. 5:06-CV-103 (DF)

**PROCEEDINGS UNDER 28 U.S.C. §2241
BEFORE THE U. S. MAGISTRATE JUDGE**

## ORDER VACATING RECOMMENDATION AND DIRECTING PETITIONER TO RESPOND TO MOTION TO DISMISS

On June 7, 2006, the undersigned entered a Recommendation in the above-styled habeas corpus proceeding. Tab #9. alThereafter, petitioner HENRY ERIC JOHNSON filed an Objection thereto in which he avers, *inter alia*, that the Recommendation is in error insofar as it states that he is incarcerated at Hays State Prison located in the Northern District of Georgia. Tab #13. Petitioner is absolutely correct; the undersigned cannot account for this error. Plaintiff is clearly incarcerated at Men's State Prison in the Middle District of Georgia. In light of this error, the Recommendation heretofore entered is **VACATED** in its entirety so that proper consideration can be given to petitioner's petition. IT IS SO ORDERED.

The court notes that since the filing of the erroneous Recommendation, respondent ALEXIS CHASE, WARDEN, has filed a **MOTION TO DISMISS** the petition on grounds that the petition is successive, that it is untimely filed, and that petitioner JOHNSON has failed to exhaust state remedies prior to filing his federal petition. Tab #12. Therefore, the court will proceed to consider this motion, but only after petitioner has an opportunity to respond thereto.

**Accordingly, petitioner JOHNSON is advised:**

Respondent herein has filed a motion seeking DISMISSAL of the above-captioned habeas corpus action on grounds that this petition is SUCCESSIVE and prior permission for filing has not be obtained from the Eleventh Circuit Court of Appeals as required by law. See 28 U.S.C. §2244(b)(3)(A). In addition, respondent contends that the petition is UNTIMELY FILED under provisions of the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. §2244(d), which imposes a one-year period of limitations on the filing of federal habeas corpus actions.

Respondent also claims that petitioner JOHNSON has FAILED TO EXHAUST state remedies available to him before coming into federal court. It has been well settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), (citing *Ex Parte Royall*, 117 U.S. 24l, 6 S.Ct. 734, 29 L.Ed. 868 (1886)). The exhaustion requirement has been codified in 28 U.S.C. §§2254 (b) and (c). The requirement reflects a policy of comity between state and federal courts and is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 408-409, 30 L.Ed.2d 418 (1971) (quoting *Fay v. Noia*, 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837 (1963)). The exhaustion requirement was also designed to minimize friction between the state and federal courts. "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981).

Since petitioner is proceeding *pro se*, the court deems it appropriate and necessary to advise him of his right to respond to said motion and of the consequences which he may suffer if he fails to file a response thereto.

**Petitioner is further advised:**

(1) that a MOTION TO DISMISS has been filed herein by the respondent;

(2) that he has the right to oppose the granting of said motion; and,

(3) that if he fails to oppose said motion, his petition may be DISMISSED.

Petitioner is further advised that under the procedures and policies of this court, MOTIONS TO DISMISS are normally decided on briefs.  The court considers the pleadings and briefs filed by the parties in deciding whether DISMISSAL is appropriate under the law.

**FAILURE OF THE Petitioner HEREIN TO RESPOND TO THE MOTION TO DISMISS AND ALL GROUNDS SET FORTH THEREIN MAY RESULT IN THE GRANTING OF SAID MOTION.**  Upon the recommendation of the Magistrate Judge, the District Judge could then grant the motion to dismiss.  There would be no further proceedings herein!

Accordingly, petitioner is ORDERED AND DIRECTED to file a response to said MOTION TO DISMISS **WITHIN TWENTY (20) DAYS** of receipt of this Order.  Thereafter, the court will consider the motion and any opposition to same filed by the petitioner.

SO ORDERED, this 14th day of JUNE, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE